**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KARI A. GROHL, | ) | CASE NO. 5:23-cv-2239 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | **MEMORANDUM OPINION** |
| SECURITY, | ) | **AND ORDER** |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the parties' joint stipulation for an award under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, of $913.50 in attorney's fees. (Doc. No. 9.) For the reasons set forth herein, the joint stipulation is approved.

**I.      BACKGROUND**

On November 17, 2023, plaintiff filed this action seeking judicial review of defendant's denial of her application for a period of disability, disability benefits, and supplemental security income. (Doc. No. 1 (Complaint).) On January 23, 2024, upon the parties' stipulation, this Court ordered the action remanded to the Commissioner for further administrative proceedings pursuant to Sentence Four of Section 205 of the Social Security Act ("SSA"), 42 U.S.C. § 405(g). (Doc. No. 8 (Order); *see* Doc. No. 7 (Joint Proposed Stipulated Order).) The present joint stipulation to award attorney's fees pursuant to the EAJA is now before the Court. In support of the stipulation, plaintiff provided documentation demonstrating the reasonableness of the fees. (*See* Doc. No. 10-1 (Billing Information).)

## II.    DISCUSSION

The EAJA requires the government to pay a prevailing plaintiff's attorney fees and costs "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004). There is no dispute here that defendant's position was not substantially justified, and that plaintiff is the "prevailing party" under the EAJA. *See Hammock v. Comm'r of Soc. Sec.*, No. 1:12-cv-250, 2015 WL 7292750, at *1 (S.D. Ohio Oct. 26, 2015) ("A plaintiff who wins a remand of her social security appeal in this Court is a 'prevailing party[.]'"), *report and recommendation adopted sub nom Hammock v. Acting Comm'r of Soc. Sec.*, No. 1:12-cv-250, 2015 WL 7276087 (S.D. Ohio Nov. 18, 2015).

Although defendant does not object to the amount of fees, the Court must still examine it for reasonableness. 28 U.S.C. § 2412(d)(2)(A) ("fees and other expenses" includes, *inter alia*, "reasonable attorney fees"). The EAJA provides that the amount of an attorney fee award shall be based upon prevailing market rates, but shall not exceed $125 per hour, unless the Court determines that the cost of living or special factors justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A)(ii). Documentation submitted by plaintiff shows 4.35 hours of legal services performed between October 29, 2023 and January 23, 2024, including the typical legal services of reviewing the administrative record, conducting legal research, drafting briefs, and the like. (Doc. No. 10-1, at 1.[1]) The Court finds the number of hours claimed and the nature of these legal services to be reasonable.

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

The stipulated award reflects an hourly billing rate of $210.00 for attorney services performed, which is an upward departure from the $125 statutory cap set by Congress in March 1996. (*Id.*) It is common, although not required, to adjust the statutory hourly rate to account for cost of living increases since 1996, the time when that rate was last capped. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 n.4, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002) ("A higher fee may be awarded if 'the court determines that an increase in the cost of living … justifies a higher fee.'") (quoting 28 U.S.C. § 2412(d)(2)(A)(ii)); *see also Hutchinson v. Colvin*, No. 1:15-cv-1144, 2016 WL 6777804, at *2 (N.D. Ohio Nov. 16, 2016) (examining the appropriateness of a cost-of-living increase). Counsel's proposed rate comports with the measure of inflation in this geographic region (i.e., the "Midwest Urban" Consumer Price Index ("CPI")). The CPI is available on the website of the Bureau of Labor Statistics (http://www.bls.gov).

The Court finds that the $913.50 requested award is reasonable and adequately reflective of "the prevailing market rates for the kind and quality of services furnished[.]" 28 U.S.C. § 2412(d)(2)(A). This award will be in full satisfaction of any and all of plaintiff's claims for fees, costs, and expenses, and is subject to setoff to satisfy any pre-existing debt owed by plaintiff to the United States. *See Astrue v. Ratliff*, 560 U.S. 586, 130 S. Ct. 2521, 177 L. Ed. 2d 91 (2010).

Defendant is directed to determine whether plaintiff owes any pre-existing debt to the United States. If plaintiff owes a pre-existing debt to the United States, defendant shall direct that the award of $913.50 in attorney's fees, less any setoff, be made payable to plaintiff's attorney and be mailed to the attorney's business address. If there is no setoff, then the full award shall be remitted.

3

## III.    CONCLUSION

For the reasons set forth herein, the Court approves the parties' joint stipulation (Doc. No. 9) for an award to plaintiff pursuant to 28 U.S.C. § 2412 in the amount of $913.50 in attorney's fees, and this amount shall be paid in accordance with the procedure outlined above.

**IT IS SO ORDERED**.

Dated: May 6, 2024

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**